# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
       Plaintiff,

  v.                                      Case No. 10-CR-174

**MICHAEL BARTAK**
       **Defendant.**

---

## SENTENCING MEMORANDUM

Defendant Michael Bartak pleaded guilty to possession of marijuana with intent to distribute, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(D), and I ordered a pre-sentence report ("PSR") in anticipation of sentencing. Without objection, defendant's PSR set a base offense level of 16 under U.S.S.G. § 2D1.1(c) based on a drug weight of 14.9 kg of marijuana, then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 13. The report set a criminal history category of II, producing an imprisonment range of 15-21 months. I found these calculations correct and adopted them accordingly.

I then turned to the sentencing factors in 18 U.S.C. § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the [advisory] sentencing [guideline] range[;]

>   (5) any pertinent policy statement . . . issued by the Sentencing Commission[;]
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3553(a) requires the court, after considering these factors, to impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in § 3553(a)(2) – just punishment, deterrence, protection of the public, and rehabilitation of the defendant. In making this determination, the court may not presume that a guideline sentence is the correct one, Nelson v. United States, 129 S. Ct. 890, 892 (2009), or place any thumb on the scale favoring a guideline sentence, United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an independent determination, taking into account the types of sentences available, the relevant § 3553(a) factors, and the arguments of the parties. See Gall v. United States, 552 U.S. 38, 49-50 (2007).

This case began with two confidential informants ("CIs"), who indicated that for several years they dealt marijuana with Christopher Kartz and Gabriel Crivello. The government subsequently set up contacts between the CIs and the targets. During a recorded call on May 5, 2010, CI-2 ordered 20 pounds of marijuana from Kartz, who indicated that he had to go to South Milwaukee to get the drugs. Agents then saw Kartz travel to this defendant's residence, after which officers conducted a traffic stop of Kartz's vehicle and seized 20 pounds of marijuana. In a post-arrest statement, Kartz indicated that he purchased marijuana from defendant about twelve times in the past five to six years, an average of one to two pounds per year, for a conservative estimate of 5 pounds.

While agents interviewed Kartz, others kept watch on defendant's house. Agents later

saw defendant leave, conducted a traffic stop, and smelled a strong odor of marijuana emitting from the car. Agents searched the car, locating cash, drug notes, a black plastic garbage bag with used heat seat bags, a scale, a blue duffel bag with about 5 pounds of packaged marijuana, a blue storage container with 1200 grams of marijuana packed in smaller distribution quantities, two boxes of ziplock bags, and a roll of heat seal bags. They also searched defendant's house pursuant to his girlfriend's consent, finding various other indications of drug trafficking.

In his statement to the PSR writer, defendant stated that he enjoyed smoking marijuana but didn't like paying for it, so he ended up selling to obtain for his own use. He stated that he now enjoyed being sober and planned to spend his time with pro-social people in the future.

At age thirty-two, defendant had a limited prior record – marijuana possession offenses in 1998 and 1999, and a disorderly conduct case in 2001. He avoided further contacts in the decade since then, and the instant offense was his first felony.

Defendant reported a difficult childhood; his mother was a heroin addict, and his father was an alcoholic and drug addict. Defendant was apparently left to care for his younger brother much of the time. The father's letter to the court confirmed the problems he and his wife had when defendant was a child.

At some point defendant's parents divorced, and he lived primarily with his grandparents from the ages of ten to fifteen. At fifteen, he returned to his mother's home for about six months, but she was still abusing heroin, so he went to his father, who by that time had joined AA. However, defendant reported rebelling against his father's rules. He started smoking marijuana, using daily until his arrest in this case on May 5, 2010. Defendant stated that his use influenced his involvement in this offense, as he wanted to obtain marijuana for free, and

3

this was a benefit of his distribution activities.

Defendant stopped using after his arrest; all screens on pre-trial release were negative, and he complied with his other conditions of bond. Defendant's girlfriend, the mother of his four year old child, confirmed the change, indicating that since his arrest he spent all free time with the family, abstained from marijuana, and enrolled in GED classes. She described defendant as a wonderful father to their child and her child from a previous relationship. Her mother also wrote a positive letter about defendant. Despite his lack of education, defendant compiled a good work record, as set forth in ¶¶ 79-84 of the PSR, and the court received a positive letter from an employer.

As indicated above, the guidelines recommended 15-21 months in prison, but I found a sentence served in the community sufficient to satisfy the purposes of sentencing. First, prison was not needed to provide just punishment, given the non-aggravated nature of the offense. Defendant did not appear to have been a major dealer; the record reflected no aggravating factors like violence, weapons, or threats; and his motive appears to have been primarily to obtain drugs for himself. A period of home confinement, served as a condition of probation, sufficed to provide just punishment.

Second, a sentence served in the community sufficed to protect the public and deter. Defendant's record was minimal and rather old; this was his first felony, and he never served a period of supervision before. His good conduct on bond suggested that he was a good candidate for supervision. I likewise took into account his solid work record and importance to his family; this sentence permitted him to continue working and supporting his kids. The key to avoiding new violations of law would be to maintain sobriety, which defendfant had also shown he could do in the community; I required drug testing as a condition of supervision and

treatment if needed.

For these reasons and those stated on the record, I placed defendant on probation for 4 years. I found this term sufficient to ensure monitoring and treatment. Based on his financial situation, I determined that defendant lacked the ability to pay and thus waived a fine; I required community service in lieu of the fine as a condition of probation. As further conditions, I required defendant to participate in a program of testing and residential or outpatient treatment for drug and alcohol abuse, and to comply with the conditions of home confinement for a period not to exceed 180 consecutive days. Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge